UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-279-B |
| | § | |
| VIJU MATHEW, | § | |
| | § | |
| Defendant, | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Viju Mathew's Motion to Quash Garnishment Under 18 U.S.C. § 3205. Doc. 176, Mot. to Quash. On August 1, 2017, the Court entered judgment against Mathew for one count of Fraud and Related Activity in Connection With Identification Documents, Authentication Features, and Information in violation of 18 U.S.C. § 1028(a)(3), (b)(2)(B), and (c)(1) and ordered Mathew to pay, among other amounts, $277,957.89 in restitution. Doc. 154, J., 1, 5. To enforce the Court's judgment, the United States sought and received a writ of garnishment, serving the writ on the garnishees and subsequently on the defendants. Doc. 166, Appl. for Writ of Garnishment; Doc. 170, Ex Parte Order for Issuance of Writ of Garnishment; Doc. 181, Proof of Service.

Mathew objects to the Court's granting of the writ of garnishment for two reasons. First, Mathew contends that he did not receive proper notice of the writ. Doc. 176, Mot. to Quash, 2. And second, Mathew claims that because the Court ordered him to pay restitution only in installments, the government cannot garnish the entire restitution amount. *Id.*

Mathew is wrong on both counts. First, he received notice. Although Mathew argues that

the United States did not serve him with the writ at his current address, Doc. 176, Mot. to Quash, 8, the United States has submitted a certificate of service showing that it served garnishment process on Mathew at his current address. Doc. 181, Proof of Service.

Second, the United States can in this case garnish the entire restitution amount. The Court's judgment states that "[r]estitution shall be payable immediately" and that Mathew must satisfy any remaining restitution obligations existing at the commencement of his term of supervised release in monthly installments. Doc. 154, J., 5. The Court's judgment states also that "[t]his payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment." *Id.* Thus, Mathew's argument that his restitution debt is not yet payable fails.

Accordingly, the Court **OVERRULES** Mathew's objection.

**SO ORDERED.**

**SIGNED: December 13, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE