UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-279-B |
| | § | |
| VIJU MATHEW, | § | |
| | § | |
| Defendant, | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Viju Mathew and Mariamma Viju's Claims for Exemptions, Request for Hearing, and/or Request for Transfer. Doc. 177, Claim for Exemptions (Mathew); Doc. 179, Motion for Hearing (Mariamma). On August 1, 2017, the Court entered judgment against Mathew for one count of Fraud and Related Activity in Connection With Identification Documents, Authentication Features, and Information in violation of 18 U.S.C. § 1028(a)(3), (b)(2)(B), and (c)(1) and ordered Mathew to pay, among other amounts, $277,957.89 in restitution. Doc. 154, J., 1, 5. Mariamma is jointly and severally liable with Mathew for this amount. *Id.* at 5. To enforce the Court's judgment, the United States sought and received a writ of garnishment, serving the writ on the garnishees and subsequently on the defendants. Doc. 166, Appl. for Writ of Garnishment; Doc. 170, Ex Parte Order for Issuance of Writ of Garnishment; Doc. 181, Proof of Service.

In Mathew's current Claim for Exemptions and Request for Hearing, he claims no exemptions from garnishment, but he requests both a hearing and that the Court transfer this case to the Western District of Oklahoma. But Mathew does not say why the Court should grant him a hearing

- 1 -

or transfer his case. The Court thus **DENIES** Mathew's request.

Mariamma argues however that the court-ordered restitution has been erased. Doc. 179, Motion for Hearing. She attaches letters from the Centers for Medicare and Medicaid Services (CMS) indicating that CMS has suspended her and Mathew's company's[1] Medicare payments due to credible allegations of fraud. *Id.* "The suspension of payments," according to Mariamma, "caused a total of $353,723.52 of funds on hold from prior claims." *Id.* Mariamma claims that this balance offsets the restitution the Court has ordered her and Mathew to pay. *Id.* But Mariamma cites no authority for the proposition that funds withheld by Medicare offset court-ordered restitution.

Additionally, the Federal Debt Collection Practices Act does not entitle Mariamma to a hearing on her argument. Within twenty days of service, debtors or interested parties may request a hearing to determine 1) the probable validity of any claim for exemption, 2) the compliance with the statutory requirement for the issuance of the writ of garnishment, or 3) certain issues that pertain to the enforcement of default judgments. 28 U.S.C. § 3202(d). Mariamma's current claim pertains to none of these. Thus, the Court **DENIES** her motion.

**SO ORDERED.**

**SIGNED: December 13, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The letters refer to Dallas Home Health, Inc.'s Medicare payments. Dallas Home Health, Inc. is the Vijus' company. Doc. 55, Notice.